UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

S & J TRUCKING CO.,

   Plaintiff,

   v.                                              CIV. NO. 05-208 ACT/DJS

JOE DAVIDSON, et al.,

   Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Defendants' Motion to Amend Answer with Brief in Support filed January 5, 2006. [Docket No. 27] Defendants are seeking to amend their Answer to include the following three affirmative defenses:

> 30. Defendants also plead the term "gas" as contained in the "Non-Disclosure and Non-Compete Agreement" is ambiguous, and that the entire agreement is ambiguous on whether it contemplates the term natural gas, LP gas, or propane.
> 31. Defendants also plead that the liquidated damage penalty provision in the Non-Disclosure and Non-Compete Agreement is void as against public policy and as a penalty.
> 32. Defendants also plead that any conduct resulting in a tortious interference claim, which they deny, was privileged.

Motion, Exhibit 2, Defendants' Proposed First Amended Answer and Counterclaim.

Upon review of the pleadings and being otherwise advised in the premises, the Court finds that Defendants' Motion is well taken and will be granted.

**Background**.

Defendants removed Plaintiff's Complaint for Breach of Contract and Tortious Interference with Contract on February 24, 2005. In the Complaint, Plaintiff alleges that Defendants breached the

terms of a Non-Disclosure and Non-Compete Agreement by engaging in the trucking or oil or gas delivery business with Plaintiff's customer. Complaint, ¶ 19. Defendants filed their Original Answer and Original Counterclaim on February 24, 2005. [Docket No. 2] Defendants pled the affirmative defenses of estoppel, waiver, and accord and satisfaction. Answer, ¶ 29. On August 8, 2005, the Initial Pre-Trial report was filed. [Docket No. 16] Paragraph 5 states:

> "Defendants intend to file amended pleadings after conducting additional discovery. At this time, Defendants contemplate asserting affirmative defenses challenging the enforceability of the Non Disclosure and Non Compete Agreement, and the liquidated damages provision contained in that agreement."

IPTR, ¶ 5.

A non-jury trial is scheduled in this matter on February 6, 2006.

**Law on Amendment of Pleadings.**

The question of amending a pleading is a matter of judicial discretion, but the rule governing amendments requires that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Courts "balance several factors in deciding whether leave to amend should be granted." 6 *Charles A. Wright & Arthur R. Miller*, § 1487, at 612-13 (2d ed. 1990). It is within a court's discretion to deny a motion to amend for particular reasons, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any such reason counseling against amendment, "the leave sought should, as the rules require, be 'freely given.'" *Id.* **Discussion.**

None of the conditions set forth in *Foman v. Davis* for denying a motion to amend are present in this case. There is no evidence that Defendant's motion is made in bad faith. The proposed

2

amendments appear to reflect evidence Defendants will present at trial.

The Court would note that the "affirmative defenses" the Defendants wish to raise are not among those specifically listed in Fed.R.Civ.P. 8(c) but may be matters "constituting an avoidance." The Court is also of the opinion that the Defendants' Counterclaim and Defendants' Contentions and declared intent under Amendments to Pleadings in the Initial Pre-Trial Report put Plaintiff on notice that defenses of the type which Defendants now wishes to formalize by filing an Amended Answer were going to be raised and evidence regarding these matters may be offered at trial. In the Counterclaim Defendants ask the Court to "construe the Agreement and declare and determine the rights of the parties to that Agreement." In the IPTR under contentions, the Defendants state that "Plaintiff is not entitled to liquidated damages" and under the Amendments to Pleading state they intend to assert "affirmative defenses challenging the enforceability of the Non Disclosure and Non Compete Agreement, and the liquidated damages provision contained in that agreement." The only requested "affirmative defense" which the Defendants wish to raise that had not been previously discussed or disclosed is Defendants' pleading is the issue of whether or not Defendants' actions were justified or privileged based on the agreement reached by the parties. This is a matter of law for the Court to address in determining the rights of the parties under the Non Disclosure and Non Compete Agreement as requested by the Defendants in their Counterclaims.

For the reasons set forth above the Court does not find that Defendants' Motion is untimely. Moreover, the proposed amendments will not prejudice the Plaintiff. Rather, as previously stated, the amendments merely reflect evidence Defendants wish to present at trial. However, in the interest of fairness, the Court will allow the Plaintiff to take a one (1) hour deposition of any witness the Defendants intend to call at trial to address these "affirmative defenses." These depositions will be

limited to the issues raised in the three "affirmative defenses" addressed above. Any pre-trial deadlines regarding the designation of deposition testimony or objections to deposition testimony will be extended for these depositions only. Testimony from these depositions may be designated up to three (3) calendar days before trial and objections or additional designation by opposing may be made up the day before trial.

Because the Court finds that the Plaintiff has not established the presence of any of the reasons counseling against amendment that the United States Supreme Court listed in *Foman v. Davis,* the Court will grant the Motion.

**IT IS ORDERED** that Defendants' Motion to Amend Answer with Brief in Support [Docket No. 27] is granted and Defendants will file their amended Answer within five (5) days of the entry of this Order. Plaintiff may take the depositions outlined above and counsel are to confer regarding the time, date and place for taking of these depositions. If counsel cannot agree, counsel for Plaintiff will arrange a conference call with the Court so that any disagreement can be resolved promptly.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**